UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**RONALD BRANT**,            Case No. 3:13-CV-1576

    Plaintiff,            Judge Jack Zouhary

      v.            REPORT AND RECOMMENDATION

**LAUREN MATTHEWS**, et al.,

    Defendants.            Magistrate Judge James R. Knepp II

## INTRODUCTION

Defendant Federal Deposit Insurance Corporation ("FDIC"), as receiver for Home Savings Corporation of America ("HSCA"), moves the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1). As its basis, FDIC claims Plaintiff Ronald Brant ("Brant") failed, within 60 days of the denial of his administrative claim, to continue his state court action filed originally against HSCA as ostensibly required by 12 U.S.C. § 1821(d)(6)(A). (Doc. 3, at 2). In the alternative, FDIC seeks an order transferring venue to the District of Minnesota, where the headquarters of the failed financial institution was located, and thus venue would be proper. (Doc. 3, at 2). For the reasons stated below, the undersigned recommends the Motion to Dismiss be granted.

## BACKGROUND

In October, 2011, Plaintiff filed a lawsuit in the Court of Common Pleas of Sandusky County, Ohio against Lauren Matthews, for breach of a contract to purchase real property, and HSCA, for claims that its actions in reneging on a purported agreement to provide financing for the purchase caused compensable damages to Plaintiff. (Doc. 1-1, at 1). On July 13, 2012, the Sandusky County Court of Common Pleas granted HSCA's motion to substitute FDIC as Defendant, FDIC

having been appointed receiver for HSCA on February 24, 2012. (Doc. 1-1, at 33). Additionally, the court granted FDIC's "Motion to Stay Proceedings Pending Exhaustion of Statutorily Mandated Administrative Remedies Pursuant to 12 U.S.C. §1821(d)(12) and 12 U.S.C. §1821(d)(5)(I)." (Doc. 1-1, at 43). Brant, through counsel, filed a Proof of Claim with the FDIC, which was disallowed on September 27, 2012. (Doc. 1-1, at 45). Thereafter, on July 8, 2013, FDIC moved the state court to lift the stay in order to permit it to have the case removed and dismissed for lack of jurisdiction on the basis of Brant's inaction following the disallowance of the claim. (Doc. 1-1, at 40). The state court lifted its stay on July 18, 2013, (Doc. 1-1, at 47) and, on July 22, 2013, FDIC removed the case to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B). (Doc. 1).

## APPLICABLE LAW

Claims against the FDIC, as receiver for a failed financial institution, are governed by the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA). Pub. L. No. 101-73, 103 Stat. 183 (1989). Section 1821(d) of FIRREA limits judicial review, with the pertinent subsection stating:

> (D) Limitation on judicial review.
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>> (I) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>>
>> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

However, the FIRREA statute establishes a remedy for a claimant whose administrative claim is disallowed:

>(6) Provision for agency review or judicial determination of claims
>>(A) In general.
>>Before the end of the 60-day period beginning on the earlier of–
>>>(I) the end of the period described in paragraph (5)(A)(I) with respect to any claim against a depository institution for which the Corporation is receiver; or
>>>
>>>(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I),
>>
>>the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6).

The time for filing an action (or, as in this case, continuing an action commenced before appointment of FDIC as receiver) is set forth in 12 U.S.C. § 1821(d)(6)(B), which provides:

>(B) Statute of limitations.
>If any claimant fails to–
>>(I) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or
>>
>>(ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),
>
>before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

Thus, Brant's claim against HSCA became a claim against the FDIC as receiver, subject to the provisions in 12 U.S.C. § 1821.

**ANALYSIS**

As FDIC properly observes, the provisions of the FIRREA statute applicable to claims against the FDIC, as receiver for a failed financial institution, are jurisdictional. 12 U.S.C. § 1821(d)(13)(D); *see also Tillman v. Resolution Trust Corp.*, 37 F.3d 1032, 1036 (4th Cir. 1996) (FIRREA's administrative claims mechanism is "an absolute and unwaivable jurisdictional requirement") (quoting *Brady Dev. Co., Inc. v. Resolution Trust Corp.*, 14 F.3d 998, 1007 (4th Cir. 1994)); *compare Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 385-86 (6th Cir. 2008) (concluding FIRREA "imposes a statutory exhaustion requirement" and "failure to file an administrative claim within the period provided by § 1821(d)(6) results in [] having 'no further rights or remedies with respect to such claims' pursuant to § 1821(d)(6)(B)(ii)") (internal citations omitted).

For his part, Brant states he does not contest FDIC's representation of the factual background. (Doc. 18, at 2). Rather, he claims, following FDIC's dismissal of his administrative claim, he "continued his suit in the Sandusky County Common Pleas Court, as it had already been in effect." *Id.* But the procedural record demonstrates the state court action was stayed on July 13, 2012. (Doc. 1-1, at 43). Brant's administrative claim under FIRREA was denied on September 27, 2012. (Doc. 1-1, at 45). Pursuant to 12 U.S.C. § 1821(d)(6), Brant was required to file suit, or continue a lawsuit filed prior to appointment of the FDIC as receiver for HSCA, within 60 days. He did neither.

The language of § 1821(d)(6)(A) contemplates an action being filed or continued in federal court within the applicable time period. That assuredly did not occur here. Even assuming continuation of an action in state court within the prescribed 60-day limitation period could

4

constitute compliance with this section, neither did that occur. The stayed state court action remained stayed over nine months, at which time FDIC (not Brant) filed a motion to lift the stay. Brant's argument that he continued his suit in state court, premised solely upon the fact that he did not dismiss the state court action following denial of the administrative claim, is not well-taken.

> Addressing a similar argument, another district court explained:
>
> The statute states that "an action commenced before the appointment of the receiver" will be barred if the claimant fails "to continue" it in time. 12 U.S.C. § 1821(d)(6)(B). If "to continue" means to do nothing, there will never be a situation where a pre-existing claim will be barred, because the claimant will always do, at the very least, nothing. The limitations clause for pre-existing claims would become a dead letter. *Royal Trust Tower, Ltd.*, [827 F. Supp. 1564, 1567 (S.D. Fla. 1993)]. Furthermore, the legislative history of the statute contemplates the filing of a motion to renew. *See id.*; H.R.Rep. No. 54(I), 101st Cong., 1st Session. 418 (1989), reprinted in 1989 U.S.C.C.A.N. 86, 214 ("Any suit (or motion to renew a suit filed prior to appointment of the receiver) must be brought by the claimant within 60 days after the denial of the claim").

*First Union Bank of Florida v. North Beach Prof. Offer Corp.*, 841 F.Supp. 399, 403 (M.D. Fla 1993).[1]

This Court agrees that continuation of a previously-filed lawsuit requires some affirmative act where, as here, that lawsuit is stayed and the administrative claim was denied. Brant points to no action on his part to continue the stayed state court proceeding during the applicable period for

---

1. The parties do not cite Sixth Circuit case law construing "continue" under 12 U.S.C. § 1821(d)(6)(B) and the only case of which this Court is aware is distinguishable. To this end, in *Molosky v. Washington Mut., Inc.*, 664 F.3d 109, 120-23 (6th Cir. 2011), the FDIC filed a motion to dismiss for plaintiffs' failure to take affirmative action in order to "continue" their judicial action within the statute of limitations laid out in § 1821(d)(6)(B). *Molosky*, 664 F.3d, at 121. The court denied the motion, concluding no affirmative action was required "based on the facts that there was an appeal from a final judgment pending when the receiver was appointed, and the receiver filed and was granted a motion to stay of definite duration, which then expired without further action by the receiver on the administrative claim." *Id.*, at 122. Unlike in *Molosky*, this case was not pending in district court when the FDIC was appointed as receiver and the FDIC had responded to Brant's administrative claim prior to the lifting of the stay.

doing so. Rather, some seven months after the limitations period, it was the FDIC which finally took some action to revive the stayed action. Upon the expiration of the limitations period, without the institution of a suit in the appropriate federal district court or even the arguable continuation of a stayed (and at that point, jurisdictionally deficient) state court action, the administrative disallowance became final and Brant has no further rights or remedies. 12 U.S.C. § 1821(d)(6)(B).

### CONCLUSION AND RECOMMENDATION

Because FIRREA's administrative claims procedure is mandatory and jurisdictional in nature, with the failure of Brant to comply with its requirement, this Court lacks jurisdiction to consider his claim against the FDIC. The undersigned therefore recommends that FDIC's Motion to Dismiss (Doc. 3) be granted and, the grounds upon which this action was removed appearing to be no longer applicable, the remainder of this action be remanded to the Court of Common Pleas of Sandusky County Ohio.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).